CRAWLEY, Presiding Judge.
M.V.N. (“the mother”) appeals from a judgment awarding custody of D.C. (“the child”) to D.L.C. (“the father”). The mother and the father were never married. After a default paternity adjudication in 1997, the father was ordered to pay child support. When the mother sought a modification of child support in 2002, the father challenged paternity; after the conclusion of genetic testing, the juvenile court again established paternity and entered a support order. In 2004, the father moved to modify custody. After a trial, the juvenile court entered an order awarding custody of the child to the father.
The mother makes two arguments on appeal. She first argues that the juvenile court improperly used the “best interest” standard instead of the standard required by Ex parte McLendon, 455 So.2d 863, 866 (Ala.1984) (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976)), which requires that to support a change of custody the noncustodial parent must “show that the child’s interests are promoted by the change, i.e., that [ ]he produce evidence to overcome the ‘inherently disruptive effect caused by uprooting the child.’ ” She also argues that the guardian ad litem’s report, which was filed with the juvenile court after the trial, violates her due-process rights.
The juvenile court certified the record as adequate in compliance with Rule 28(A)(1)(a), Ala. R. Juv. P.. However, no transcript of the trial was produced. The juvenile court’s certification notwithstanding, this court does not have an adequate record to review. The mother’s appeal should have been brought in the circuit court of Lowndes County. Rule 28(B), Ala. R. Juv. P. Rule 28(D), Ala. R. Juv. P., permits this court to transfer an appeal improperly brought in this court to the circuit court for review. Accordingly, we transfer this appeal to the Lowndes Circuit Court for a trial de novo.
APPEAL TRANSFERRED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.