DONALDSON, Judge.
C.M.B. appeals from a judgment adjudicating him to be the legal, biological father of A.T.W. (“the child”) and ordering him to pay child support to C.W. (“the mother”). The child was born in February 2001. The ■ mother filed a complaint against C.M.B. in the Jefferson Juvenile Court (“the trial court”), seeking a determination of paternity and an award of child support, on November 7, 2011. C.M.B. represented himself in the trial court. The trial court ordered genetic testing, and it held a trial on October 2, 2013. The trial court adjudicated C.M.B. to be the father of the child, and it ordered him to pay child support in the amount of $577 per month, half of all unreimbursed medical expenses, and $13,271 in retroactive child support payable at the rate of $100 per month. C.M.B. then retained counsel and filed a motion to alter, amend, or vacate the judgment, arguing that the trial court lacked jurisdiction to establish paternity because the mother had been married to a man other than C.M.B. at the time the child was born, that the man is the child’s presumptive father and is now deceased, and *1060 that there was no evidence indicating that the presumptive father had ever disclaimed paternity. See § 26-17-607(a), Ala.Code 1975 (“[A] presumed father may bring an action to disprove paternity at any time. If the presumed father persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.”). C.M.B.’s motion was denied by operation of law, and C.M.B. filed this timely appeal.
C.M.B. makes three arguments on appeal: 1) that the trial court erred by proceeding with the paternity action after being informed that there was a presumptive father, 2) that the trial court erred by failing to add the estate of the presumptive father as an indispensable party, and 3) that the trial court erred by failing to conduct a hearing to determine if the presumptive father persisted in his status as the legal father of the child. Although some aspects of the issues raised by C.M.B. on appeal could be addressed by reviewing the pleadings, it is apparent from the briefs to this court that the parties disagree as to certain assertions made by C.M.B. and that there might be disputed issues of material fact including issues involving the purported presumptive father. Although the trial transcript is not part of the record on appeal, the trial court certified the record as adequate for appeal. See Rule 28(A)(1)(a), Ala. R. Juv. P. C.M.B. asked for the record to be supplemented with the trial transcript before submitting his appellate brief, but he then advised this court in his brief that a transcript was not available.
Based on the issues presented and the briefs submitted by the parties, we cannot conclude that the record is adequate for appellate review. See M.V.N. v. D.L.C., 940 So.2d 1033, 1034 (Ala.Civ.App.2006) (“The juvenile court certified the record as adequate in compliance with Rule 28(A)(1)(a), Ala. R. Juv. P. However, no transcript of the trial was produced. The juvenile court’s certification notwithstanding, this court does not have an adequate record to review.”). C.M.B.’s appeal should have been brought in the Jefferson Circuit Court for a trial de novo. Rule 28(B), Ala. R. Juv. P. “Rule 28(D), Ala. R. Juv. P., permits this court to transfer an appeal improperly brought in this court to the circuit court for review.” M.V.N., 940 So.2d at 1034. Accordingly, we transfer this appeal to the Jefferson Circuit Court for a trial de novo.
APPEAL TRANSFERRED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.